Defendant Nebraska Howard appeals from the denial of his petition for post-conviction relief ("PCR Petition"). This is at least his ninth time before this court. He pleaded guilty more than twenty years ago to two counts of kidnaping and three counts of rape of two female children. His PCR Petition alleged that two decades ago he was denied various constitutional rights.
The record shows that on February 24, 1978, near the outset of the proceedings, the trial court found defendant competent to stand trial. Pursuant to a plea bargain, defendant subsequently waived his right to trial and pled guilty to kidnapping and reduced charges of rape. On May 2, 1978, defendant was sentenced on the kidnaping convictions to concurrent terms of four to twenty-five years, followed by consecutive sentences of four to twenty-five years on each rape conviction. The court suspended execution of the sentence and ordered defendant committed to a mental hospital until release, followed by execution of his original sentence. He served approximately six months in a mental hospital before he was released and his criminal sentence ordered into execution.
On March 7, 1997, after an extended and unexplained delay of almost twenty years, defendant filed his PCR Petition. This petition asserted he was punished twice for the same offense and that his rights against double jeopardy and to effective assistance of trial counsel, due process, and equal protection were violated. The PCR Petition was based on events known by him to have occurred more than twenty years earlier. In fact, he sought to raise the identical claims pro se in a delayed direct appeal years before he filed his PCR Petition. The PCR Petition was not supported by any evidence or new information outside the original record.
The trial court denied defendant's PCR Petition as untimely filed and ultimately issued findings of fact and conclusions of law to support its decision. The trial court's opinion specifically found that defendant did not show he was unavoidably prevented from discovery of facts necessary to support his claims. (Findings of Fact and Conclusions of Law at p. 3.)
Defendant, pro se, timely appeals raising the following sole assignment of error:
 IT WAS ERROR FOR THE COURT TO DISMISS APPELLANT'S POSTCONVICTION PETITION FOR BEING NOT TIMELY FILED WHEN APPELLANT HAD BEEN FOUND TO BE OF UNSOUND MIND AND SUCH FINDINGS HAD NOT BEEN RESTORED [SIC] BY A VALID COURT ORDER.
This assignment lacks merit.
Defendant argues that the trial court improperly dismissed his PCR Petition. Citing a statute of limitations tolling provision in R.C. 2305.16, he argues, that the time limits governing the filing of such motions should not apply to him because he was of "unsound mind." We are unpersuaded.
We note initially that defendant waived this argument because he did not raise it in the trial court. E.g., State v. Awan
(1986), 22 Ohio St.3d 120. More importantly, however, the tolling provisions of R.C. 2306.16 do not apply by their own terms to petitions for postconviction relief.[1] R.C. 2953.21
specifically governs petitions for postconviction relief and establishes its own standards for the filing of such petitions.
This court recently reviewed those standards in the context of a denial of a PCR Petition on timeliness grounds in State v.Freeman(Dec. 10, 1998), Cuyahoga App. Nos. 73784, 73785, 73786 and 73787, unreported. The Freeman Court recognized that the General Assembly amended the Revised Code provisions governing PCR Petitions in 1995 to impose time limits for filing such petitions. R.C. 2953.21 et seq.
In the case at bar defendant was sentenced by the trial court more than 20 years ago in 1978. His PCR Petition, therefore filed almost twenty years later in March 7, 1997, was manifestly not filed within the one-year time period. R.C. 2953.21(A). To satisfy the one-year deadline under this provision defendant's PCR Petition should have been filed on or before September 23, 1996.
The Freeman Court discussed the principles governing the extension of this one-year period as follows:
 R.C. 2953.23 states that the court "may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)]" unless (1) the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty (or, if applicable, found him eligible for the death penalty) but for constitutional error at trial.
Petitioner did not make the showing required by R.C. 2953.23
— that he had been unavoidably prevented from discovering evidence forming the basis for the petition and that clear and convincing evidence exists to show that but for the constitutional error he would not have been found guilty at trial.
Id. at pp. 3-4 (emphasis added).
As in Freeman, defendant failed to establish the requisite statutorily mandated conditions to warrant hearing his PCR Petition in the case at bar. Defendant did not assert, let alone offer any evidence, that he was unavoidably prevented from discovering facts necessary to support his claim. To the contrary, the record negates such claim.
Defendant was aware of his claims well within this time period because he sought pro se to raise them in a delayed direct appeal. Although it may be possible to satisfy the condition for extending the time to file a PCR Petition under R.C. 2953.23 when a petitioner is of unsound mind, defendant did not present any evidence with his PCR Petition to support such claim. Thus the trial court properly dismissed his PCR Petition.
Finally, even if defendant's PCR Petition were timely filed despite his extended delay as he contends, the trial court properly dismissed his petition. The record unambiguously shows that defendant did not submit any evidence dehors the record to support the claims in his PCR Petition. Without such evidence defendant could not prevail on his claim.
Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and ANNE L. KILBANE, J., CONCUR.
 ___________________________________ DIANE KARPINSKI PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] R.C. 2305.16 does not mention either petitions for postconviction relief or R.C. 2953.21 et seq. R.C. 2305.16
applies by its own terms to ordinary civil actions and provides in pertinent part as follows:
 Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to 2304.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed.